# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS
International Textile Limited

**(b)** County of Residence of First Listed Plaintiff: N/A -- Resident of Pakistan
*(Except in U.S. plaintiff cases)*

**(c)** Attorneys *(firm name, address, and telephone number)*
David R. Doyle, Cozen O'Connor, 123 N. Wacker Drive, Suite 1800, Chicago, IL 60606; 312-474-1648

## DEFENDANTS
Revere Mills International Group, Inc.

County of Residence of First Listed Defendant: Cook
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government not a party.)
- [x] 4 Diversity (Indicate citizenship of parties in Item III.)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [x] 3 | [ ] 3 | Foreign Nation | [x] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excludes Veterans)
- [ ] 153 Recovery of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 530 General
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Habeas Corpus:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyright
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016 (DTSA)

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729 (a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act (TCPA)
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Arts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/ Disabilities- Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee (Prisoner Petition)
- [ ] 465 Other Immigration Actions

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAXES**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant
- [ ] 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Check one box, only.)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)
28 U.S.C. 1332(a)(2). Breach of contract for goods sold.

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:
- [ ] Check if this is a class action under Rule 23, F.R.CV.P.
- Demand $ 3,006,150.36
- CHECK Yes only if demanded in complaint:
- Jury Demand: [ ] Yes  [x] No

## IX. RELATED CASE(S) IF ANY *(See instructions):*
Judge: _____   Case Number: _____

## X. Is this a previously dismissed or remanded case?
[ ] Yes  [x] No  If yes, Case # _____  Name of Judge _____

Date: June 11, 2021

Signature of Attorney of Record: /s/ David R. Doyle

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| International Textile Limited, | ) |
| *Plaintiff*, | ) ) ) ) |
| *vs.* | ) ) Case No. |
| Revere Mills International Group, Inc., | ) ) ) |
| *Defendant*. | ) ) |

## VERIFIED COMPLAINT

Plaintiff International Textile Limited ("ITL" or "Plaintiff"), by and through its undersigned counsel, and for its Verified Complaint against Defendant Revere Mills International Group, Inc. ("Defendant"), hereby alleges as follows:

## NATURE OF THE CASE

1. This is an action for breach of contract, goods sold, quantum meruit and unjust enrichment to collect over $3,000,000 in connection with ITL's sale of goods to Defendant.

## THE PARTIES

2. ITL is a limited company organized under the laws of Pakistan, with its principal place of business located at 205-208, Park Towers, Shahrah e Firdousi, Clifton Block -5, Karachi, Pakistan.

3. ITL is a leading manufacturer and exporter of high quality towels, bedding and linens to institutional and wholesale purchasers in the United States and across the world.

4. Defendant is a corporation organized under the laws of Illinois with the last known address of its principal place of business and corporate headquarters located at 2860 South River Road, Suite 250, Des Plaines, Illinois 60018.

5.  Defendant is a wholesaler of towels, blankets and other consumer goods and, upon information and belief, sells primarily to retail stores.

## JURISDICTION AND VENUE

6.  This Court has subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(2) because: (i) ITL is a citizen of Pakistan and Defendant is a citizen of Illinois, such that there is complete diversity between ITL and Defendant; and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.  This Court has personal jurisdiction over Defendant, and venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391. Defendant is organized under the laws of Illinois and is doing business within Illinois. Moreover, a substantial part of the events or omissions giving rise to ITL's claims occurred within this district.

## BACKGROUND

8.  Between 2018 and 2020, Defendant and ITL engaged in a course of dealings pursuant to which Defendant purchased bath towels, hand towels and washcloths from ITL.

9.  During the period of March 2019 through December 2019, Defendant issued approximately 56 purchase orders to ITL (the "Purchase Orders") for bulk purchases of bath towels, hand towels and washcloths (collectively, the "Products") from ITL.

10. The Purchase Orders specified, among other things, colors, sizes, labelling and packaging details for each of the requested Products.

11. Each of the Purchase Orders required that ITL deliver the Products to freight forwarders located in Karachi, Pakistan on a FOB basis for direct shipment to Defendant's customers in the United States or to Defendant's warehouse in Easley, South Carolina.

12. Each of the Purchase Orders provided payment terms of "Net 150."

13. Shortly after ITL's receipt of each of the Purchase Orders, ITL would acknowledge receipt and communicate with Defendant regarding pricing, available inventory, shipping and other issues with respect to the requested Products. ITL also issued invoices to Defendant (the "Invoices") corresponding to particular Purchase Orders, agreeing to deliver the Products in exchange for a set purchase price.

14. In the Invoices or through subsequent communications with Defendant, ITL agreed to payment terms of Net 150 days, meaning Defendant's payment for the Products was due 150 days from the date that the Products were delivered for shipment and the bill of lading was issued.

15. With respect to each Purchase Order and corresponding Invoice, a contract was created (each a "Sale Contract," and collectively, the "Sale Contracts"), pursuant to which: (i) ITL agreed to manufacture and ship certain Products requested by Defendant in exchange for a set purchase price; and (ii) Defendant agreed to pay the purchase price 150 days after delivery for shipment. *See* 810 ILCS 5/2-206, 5/2-207.

16. Attached hereto as Exhibit A and incorporated by reference herein is a spreadsheet summarizing (a) the Purchase Orders, (b) the Invoices, (c) the dates that ITL delivered the Products to the freight forwarders, (d) the payment due dates, and (e) the outstanding balance owed by Defendant.

17. During the period of August 2019 through January 2020, ITL delivered the Products for shipment to the freight forwarder as requested by the Purchase Orders, and such Products were subsequently shipped to Defendant's warehouse in South Carolina or to its customers, as applicable.

18. Defendant and its customers received shipment of the Products.

19. Defendant accepted the Products.

20. None of the Products were returned to ITL.

21. With respect to each of the Sale Contracts, Defendant failed to pay ITL the purchase price.

22. On or about March 9, 2020, ITL issued a demand letter to Defendant through the parties' respective counsel.

23. In the March 9, 2020 demand letter, ITL sought payment of all amounts at that time overdue under the Sale Contracts (approximately $1,531,044.00), as well as adequate assurance of future payment by Defendant of the balance (approximately $1,475,106.00).

24. As of the date of the filing of this Complaint, ITL has not received the amounts owed under the Sale Contracts.

25. The total amount currently due and owing from Defendant to ITL under the Sale Contracts is $3,006,150.36.

## COUNT I
## BREACH OF SALE CONTRACTS

26. ITL incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27. ITL substantially performed under the Sale Contracts.

28. The Sale Contracts are valid and enforceable contracts.

29. Defendant never rejected the Products.

30. Defendant accepted the Products.

31. Defendant committed a material breach under the Sale Contracts by failing to pay the amounts due thereunder to ITL.

32. As a direct and proximate result of Defendant's breaches, ITL has suffered damages in the amount of $3,006,150.36, plus incidental damages.

**WHEREFORE**, pursuant to the foregoing, Plaintiff ITL respectfully requests:

i. that judgment be entered in its favor and against Defendant on Count I of this Complaint in such amount to be determined at trial, but no less than $3,006,150.36, plus pre- and post-judgment interest, costs and fees; and

ii. that Plaintiff be granted such other and further relief as the Court shall deem just and proper.

**COUNT II**
**GOODS SOLD -- 810 ILCS 5/2-709**
**(In the alternative to Count I)**

33. ITL incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

34. At Defendant's request per the Purchase Orders, ITL delivered the Products for shipment, and such Products were subsequently shipped to Defendant's warehouse or its customers.

35. The Sale Contracts set forth the purchase price of the Products.

36. Defendant accepted the Products and owes ITL for the unpaid balance of such deliveries in the amount of the aggregate purchase price for all of the Products, which is $3,006,150.36.

**WHEREFORE**, pursuant to the foregoing, Plaintiff ITL respectfully requests:

i. in the alternative to Count I, that judgment be entered in its favor and against Defendant on Count II of this Complaint in such amount to be determined at trial, but no less than $3,006,150.36, plus pre- and post-judgment interest, costs and fees; and

ii. that Plaintiff be granted such other and further relief as the Court shall deem just and proper.

**COUNT III**
**UNJUST ENRICHMENT**
**(In the alternative to Counts I and II)**

37. ITL incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

38. At Defendant's request, ITL supplied the Products to Defendant.

39. In the Purchase Orders and the Invoices, ITL and Defendant agreed on the amounts due and owing for the Products.

40. Defendant accepted delivery of the Products.

41. Upon information and belief, Defendant sold the Products to its retail customers.

42. Defendant unjustifiably failed to pay ITL the outstanding balance owed. In doing so, Defendant unjustly retained the benefit of the Products provided by ITL, without compensating ITL therefor.

43. ITL has suffered a detriment in that it has not received compensation for the Products that it provided to Defendant.

44. Defendant sold or otherwise benefitted from the Products without paying ITL in violation of the fundamental principles of justice, equity and good conscience.

45. The total amount currently due and owing from Defendant for the Products is $3,006,150.36 exclusive of interest, costs and fees.

**WHEREFORE**, pursuant to the foregoing, Plaintiff ITL respectfully requests:

  i. in the alternative to Counts I and II, that judgment be entered in its favor and against Defendant on Count III of this Complaint in such amount to be determined at trial, but no less than $3,006,150.36, plus pre- and post-judgment interest, costs and fees; and

  ii. that plaintiff be granted such other and further relief as the Court shall deem just and proper.

**COUNT IV**
**QUANTUM MERUIT**
**(In the alternative to Counts I, II and III)**

46. ITL incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

47. ITL supplied and shipped the Products to Defendant.

48. In the Purchase Orders and the Invoices, both ITL and Defendant agreed on the balances of the amounts due and owing for the Products.

49. Defendant accepted the Products.

50. The Products provided a benefit to Defendant, because Defendant resold the Products to various retailers in the United States.

51. ITL did not provide the Products gratuitously, but rather expected to be paid by Defendant for the Products.

52. Defendant unjustifiably failed to pay ITL the outstanding balance owed in the amount of the $3,006,150.36.

**WHEREFORE**, pursuant to the foregoing, Plaintiff ITL respectfully requests:

iii. in the alternative to Counts I, II and III, that judgment be entered in its favor and against Defendant on Count IV of this Complaint in such amount to be determined at trial, but no less than $3,006,150.36, plus pre- and post-judgment interest, costs and fees; and

iv. that plaintiff be granted such other and further relief as the Court shall deem just and proper.

                                        Respectfully submitted,

Dated: June 11, 2021                    International Textile Limited

                                        By: /s/ *David R. Doyle*

                                      Mark L. Radtke
                                      David R. Doyle
                                      COZEN O'CONNOR
                                      123 N. Wacker Drive
                                      Suite 1800
                                      Chicago, IL 60606
                                      Ph.: 312-464-1648
                                      Email: mradtke@cozen.com
                                                     daviddoyle@cozen.com

                                      *Attorneys for International Textile Limited*

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I, Adnan Khan, Chief Executive Officer of International Textile Limited, declare under penalty of perjury that the statements set forth in the foregoing *Verified Complaint* are true and correct, except as to matters therein stated to be on information and belief.

Executed on: June 10th, 2021

                                                   Adnan Khan
                                                 Chief Executive Officer
                                                 International Textile Limited

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| International Textile Limited, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| *vs.* | ) Case No. |
| | ) |
| Revere Mills International Group, Inc., | ) |
| | ) |
| *Defendant*. | ) |

**DISCLOSURE STATEMENT OF INTERNATIONAL TEXTILE LIMITED**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Rule 3.2 of the Local Rules of the United States District Court for the Northern District of Illinois, the above-captioned plaintiff International Textile Limited ("ITL") hereby discloses that (i) no publicly held company owns 5% or more of ITL's equity interests or stock, and (ii) no parent corporation or publicly held corporation owns 10% or more of ITL's equity interests or stock.

Respectfully submitted,

Dated: June 11, 2021         International Textile Limited

/s/  David R. Doyle

Mark L. Radtke
David R. Doyle
COZEN O'CONNOR
123 N. Wacker Drive
Suite 1800
Chicago, IL 60606
Ph.: 312-464-1648
Email: mradtke@cozen.com
          daviddoyle@cozen.com

*Attorneys for International Textile Limited*

LEGAL\52353926\4